# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH S. BROWN, | : CIVIL ACTION NO. 3:CV-16-2053 |
| Plaintiff | : |
| | : (Judge Nealon) |
| v. | : |
| CORRECT CARE SOLUTION, et al., | : |
| Defendants | : |

# **ORDER**

**AND NOW, THIS 13th DAY OF FEBRUARY 2017,** upon consideration of Defendants' motion to revoke Plaintiff's *in forma pauperis* status in the above captioned Bivens[1] complaint, in which Plaintiff alleges that the named Defendants have been deliberately indifferent to his medical needs, in violation of the Eighth Amendment (Doc. 1, complaint), and it appearing that, although he seeks to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. §1915, the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. §1915, prohibits him from proceeding *in forma pauperis* because he has had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failing to state

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courses to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

a claim for which relief may be granted[2], and there is no indication that Plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*),  **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Doc. 42) is **GRANTED**.

2. The portion of this Court's October 21, 2016 Order, granting Plaintiff's application for leave to proceed *in forma pauperis* is **VACATED**.

3. Plaintiff's request to proceed in forma pauperis (Doc. 2) in the above-captioned action is **DENIED** in accordance with 28 U.S.C. § 1915(g) and the action is dismissed for failure to pay the full filing fee without prejudice to Plaintiff to reopen the action by submitting the full filing fee within sixty (60) days.

4. All outstanding motions are to be **DISMISSED WITHOUT PREJUDICE**.

---

[2]The Court takes judicial notice of the following actions filed by Plaintiff that were dismissed for failure to state a claim upon which relief may be granted: Brown v. Beard, et al., Civil No. 4:10-cv-1129 (M.D. Pa. March 3, 2011), aff'd, Brown v. Beard et al., No. 11-2440, slip op. at 2, 5 (3rd Cir. Sept. 20, 2011); Brown v. Hannah et al., Civil No. 4:11-cv-0260 (M.D. Pa. Feb. 6, 2012).

5. The Clerk of Court is directed to **CLOSE** the above-captioned case.

6. Any appeal from this order is **DEEMED** frivolous and not in good faith. See 28 U.S.C. §1915(a)(3).

                    /s/ William J. Nealon
                    **United States District Judge**